FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CYNTHIA A. HOLLAND,<br>on behalf of plaintiff and the classes defined<br>below,<br><br>Plaintiff,<br><br>vs.<br><br>LVNV FUNDING, LLC,<br>RESURGENT CAPITAL SERVICES, L.P.;<br>ALEGIS GROUP, LLC;<br>and DAVID M. WRIGHT and<br>STEPHEN J. LERCH, doing business as<br>WRIGHT & LERCH, a partnership,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 142 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Cynthia A. Holland brings this action to secure redress from unlawful credit and collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and David M. Wright and Stephen J. Lerch, doing business as Wright & Lerch, a partnership. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      Specifically, plaintiff alleges that defendants filed lawsuits on time-barred debts purchased for less then ten cents on the dollar.

### VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C.

1

§1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted plaintiff within this District;

b.      Defendants do or transact business within this District.

## PARTIES

6.      Plaintiff Cynthia A. Holland is an individual who resides in the Northern District of Indiana.

7.      Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.   It does or transacts business in Indiana.

8.      Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

9.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

10.      Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

11.      Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

12.      Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

13.      Defendant LVNV is a "debt collector" as defined in the FDCPA.

14.      Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.   It does or transacts business in Indiana.

15.     Defendant Resurgent operates a collection agency.

16.     Defendant Resurgent holds one or more collection agency licenses.

17.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

18.     Defendant Resurgent is a debt collector as defined in the FDCPA.

19.     Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.   It is the sole general partner of Resurgent.  As such, the acts of Resurgent are attributed to it.

20.     Defendants David M. Wright and Stephen J. Lerch are attorneys who conduct business as Wright & Lerch, a partnership, at 2001 Reed Road, Suite 100, Fort Wayne, Indiana, 46815.  They are referred to hereinafter as "Wright & Lerch."

21.     Wright & Lerch regularly collects debts originally owed to others, using the mails and telephone system for that purpose.

22.     Wright & Lerch states on its Web site, www.wrightandlerch.com, "With over thirty years of collection experience covering the entire State of Indiana, Wright & Lerch strives to be your collection law firm of choice. We are solely dedicated to collections representing small and large clients from local businesses to large national financial institutions. Wright & Lerch is a proud member of NARCA (National Association of Retail Collection Attorneys)."

23.     Wright & Lerch is a debt collector as defined in the FDCPA.

### RELATIONSHIP BETWEEN LVNV AND RESURGENT

24.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

25.     All actions taken in the name of LVNV are in fact taken by Resurgent,

pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

26.     Defendant LVNV formerly stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

27.     Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

28.     The Web site has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

29.     Defendants Resurgent and LVNV are under common ownership and management.  Both are part of the Sherman Financial Group.

30.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

4

## FACTS

31.     On or about Feb. 3, 2011, LVNV, represented by Wright & Lerch, filed suit against plaintiff in the St. Joseph Superior Court to collect a purported credit card debt which was alleged to have been originally owed to Chase Manhattan Bank USA. The complaint in case no. 71D01-1102-SC-01070 is in Exhibit A.

32.     The lawsuit was dismissed on March 14, 2011.

33.     Plaintiff was forced to retain an attorney and spend money and time with respect to the defense of the lawsuit.

34.     On information and belief, pursuant to the arrangements between LVNV and Resurgent described above, Resurgent arranged for the retention of Wright & Lerch and the filing of the lawsuit.

35.     The alleged debt was incurred for personal, family or household purposes, and not for business purposes.

36.     The complaint included an affidavit (part of Exhibit A) stating that Chase Manhattan Bank USA sold defendant's account to LVNV on March 31, 2003.

37.     Chase Manhattan Bank USA only sold defaulted credit card accounts, not current accounts.

38.     LVNV only purchases defaulted credit card accounts, not current accounts.

39.     Most complaints filed by LVNV on credit card debts in Indiana courts are based on credit card debts allegedly originated by banks.

40.     The alleged credit card debt that LVNV sought to collect from plaintiff allegedly went into default more than six years prior to the filing of suit.

41.     As a result, the suit was time-barred under the six year statute of limitations in IC §34-11-2-7 and/or IC §34-11-2-9.

42.     All collection files on which LVNV files suit contain, in easily retrievable

form:

      a.     The "date of last payment" allegedly made by the debtor;

      b.     The date on which the account was sold by the original creditor; and

      c.     The "date of delinquency" that resulted in the debt being charged

off.

43.     On information and belief, defendants regularly file suit against Indiana residents on credit card debts that are in default more than six years, as measured by the later of the date of last payment or the charge-off date.

## VIOLATION ALLEGED

44.     The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f. *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480 (M.D.Ala. 1987); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, No. 09-35767, 2011 U.S. App. LEXIS 4072 (9th Cir., March 4, 2011); *Ramirez v. Palisades Collection LLC*, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008), earlier opinion, 250 F.R.D. 366 (N.D. Ill. 2008); *Parkis v. Arrow Fin. Servs.*, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan. 8, 2008). "It thus is a violation of the FDCPA to sue or threaten to sue consumers to recover on time-barred debt." *"Collecting Consumer Debts: The Challenges of Change: A Federal Trade Commission Workshop Report* (February 2009)," pp. 63-64.

45.     Section 1692e provides:

**§ 1692e.**     **False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)**     **The false representation of--**

        **(A)**     the character, amount, or legal status of any debt; . . .

        **(5)**     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

        **(10)**     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

46.     Section 1692f provides:

        **§ 1692f.**     **Unfair practices [Section 808 of P.L.]**

        **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

## CLASS ALLEGATIONS

47.     Plaintiff brings this claim on behalf of two classes, designated LVNV and Wright & Lerch, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

48.     The LVNV class consists of (a) all individuals (b) against whom defendant LVNV filed a lawsuit in Indiana, (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of LVNV, was more than 6 years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

49.     The Wright & Lerch class consists of (a) all individuals (b) against whom defendant Wright & Lerch filed a lawsuit in Indiana (on behalf of anyone), (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of defendants, was more than 6 years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

50.     On information and belief, each class is so numerous that joinder of all members is not practicable.

51.     On information and belief, LVNV has previously filed time-barred

lawsuits, and has been sued for violating the FDCPA by so doing. *Williams v. LVNV Funding LLC*, 2:09cv3826 (E.D.Pa.); *Eckert v. LVNV Funding LLC*, 4:08cv1802 (E.D.Mo.); *Tommy v. LVNV Funding, LLC*, 3:09cv829 (D.Ore.); *Brown v. Constantino*, 2:09cv357 (D.Utah); *Hardy v. LVNV Funding, LLC*, 1:10cv7853 (N.D.Ill.); *Parlier v. LVNV Funding LLC*, 1:11cv1586 (N.D.Ill.).

52.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of filing time-barred debt collection complaints and whether such practice violates the FDCPA.

53.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

54.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

55.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

        (1)      Statutory damages;

        (2)      Actual damages;

        (3)      Attorney's fees, litigation expenses and costs of suit;

        (4)      Such other and further relief as the Court deems proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
          & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\25397\Pleading\Complaint_Pleading.wpd