**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| CYNTHIA A. HOLLAND, on behalf of plaintiff and the classes defined below, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:11-cv-00142-JD-CAN |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P.; ALEGIS GROUP, LLC; and DAVID M. WRIGHT and STEPHEN J. LERCH, doing business as WRIGHT & LERCH, a partnership, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>ANSWER TO COMPLAINT – CLASS ACTION</u>

Defendants LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P.' ALEGIS GROUP, LLC, by and through their attorneys, David M. Schultz, Jennifer Kalas and Nabil Foster with HINSHAW & CULBERTSON LLP, and in answer to Plaintiff's Complaint, state as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff Cynthia A. Holland brings this action to secure redress from unlawful credit and collection practices engaged in by defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), Alegis Group, LLC ("Alegis"), and David M. Wright and Stephen J. Lerch, doing business as Wright & Lerch, a partnership. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

**<u>ANSWER:</u>     LVNV, Resurgent and Alegis admit that plaintiff has filed this lawsuit and attempts to assert claims under the statutes cited therein.  LVNV, Resurgent and Alegis deny that plaintiff has stated any valid claim or that plaintiff is entitled to any relief.**

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:**   **LVNV, Resurgent and Alegis admit that this paragraph attempts to summarize the law but denies that this paragraph accurately states the law.**

3.      Specifically, plaintiff alleges that defendants filed lawsuits on time-barred debts purchased for less then ten cents on the dollar.

**ANSWER:**   **LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## VENUE AND JURISDICTION

4.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

**ANSWER:**   **Defendants admit that his Court generally has jurisdiction over claims pursuant to 28 U.S.C §§ 1331, 1337 and 15 U.S.C. § 1692k, but denies that Plaintiff has any such claim herein.**

5.      Venue and personal jurisdiction in this District are proper because:

a.      Defendants' collection communications and activities impacted plaintiff within this District;

b.      Defendants do or transact business within this District.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## PARTIES

6.    Plaintiff Cynthia A. Holland is an individual who resides in the Northern District of Indiana.

**ANSWER:**    **Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

7.    Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.  It does or transacts business in Indiana.

**ANSWER:**    **LVNV admits it is a limited liability company.  LVNV denies that it does or transacts business in Indiana.  LVNV denies the remaining allegations of this paragraph.  Defendants Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

8.    Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

**ANSWER:**    **LVNV admits that it holds title to debt and that some of this debt may include defaulted debts originally owed to other that may qualify as a consumer debt. LVNV lacks knowledge or information sufficient to form a belief regarding any remaining allegations in this paragraph.  Defendants Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

3

25155379v1  0922782  59550

9.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10.     Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

**ANSWER:    Defendant LVNV admits that Resurgent may attempt to collect some of the debt owned by LVNV.  LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.  Defendant Alegis lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11.     Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

**ANSWER:    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

12.     Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

**ANSWER:    LVNV denies the allegations of this paragraph.  Defendants Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

4

13.     Defendant LVNV is a "debt collector" as defined in the FDCPA.

**ANSWER:     LVNV denies the allegations of this paragraph.  Defendants Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

14.     Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401. It does or transacts business in Indiana.

**ANSWER:     Resurgent and Alegis admit that Resurgent is a limited partnership and that it has an office in South Carolina.  Resurgent and Alegis admit that Resurgent does business in Indiana.  Resurgent and Alegis deny the remaining allegations of this paragraph.  Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15.     Defendant Resurgent operates a collection agency.

**ANSWER:     Resurgent and Alegis admit Resurgent holds a collection agency license. Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.  Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16.     Defendant Resurgent holds one or more collection agency licenses.

25155379v1  0922782  59550

**ANSWER:     Resurgent and Alegis admit Resurgent holds a collection agency license. Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17.     Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

**ANSWER:     Resurgent and Alegis admit that Resurgent uses the mail and telephone to collect debts.  Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

18.     Defendant Resurgent is a debt collector as defined in the FDCPA.

**ANSWER:     Resurgent and Alegis admit that in certain cases Resurgent acts as a debt collector as defined by the FDCPA.  Resurgent and Alegis deny any remaining allegations of this paragraph.  Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

19.     Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.  It is the sole general partner of Resurgent.  As such, the acts of Resurgent are attributed to it.

**ANSWER:     Alegis admits that it is a limited liability company and that it is the general partner of Resurgent.  Alegis denies that the acts of Resurgent are attributed to Alegis.   Alegis denies the remaining allegations of this paragraph.  Defendants Resurgent**

6

**and LVNV lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

20.     Defendants David M. Wright and Stephen J. Lerch are attorneys who conduct business as Wright & Lerch, a partnership, at 2001 Reed Road, Suite 100, Fort Wayne, Indiana, 46815.  They are referred to hereinafter as "Wright & Lerch."

**<u>ANSWER:</u>   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

21.     Wright & Lerch regularly collects debts originally owed to others, using the mails and telephone system for that purpose.

**<u>ANSWER:</u>   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

22.     Wright & Lerch states on its Web site, www.wrightandlerch.com, "With over thirty years of collection experience covering the entire State of Indiana, Wright & Lerch strives to be your collection law firm of choice.  We are solely dedicated to collections representing small and large clients from local businesses to large national financial institutions.  Wright & Lerch is a proud member of NARCA (National Association of Retail Collection Attorneys)."

25155379v1  0922782  59550

**ANSWER:**   **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

23.   Wright & Lerch is a debt collector as defined in the FDCPA.

**ANSWER:**   **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

**RELATIONSHIP BETWEEN LVNV AND RESURGENT**

24.   Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

**ANSWER:**   **LVNV admits it has no employees.   LVNV denies any remaining allegations of this paragraph.   Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

25.   All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

**ANSWER:**   **LVNV, Resurgent and Alegis admit that Resurgent has a power of attorney for LVNV pursuant to an agreement.   Defendants LVNV, Resurgent and Alegis**

8

**lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

26.     Defendant LVNV formerly stated on its Web site, www.lvnyfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

<u>**ANSWER:**</u>     **Defendants admit that this paragraph attempts to quote a portion of the cited web site: www.lvnvfunding.com.  LVNV lacks knowledge or information sufficient to form a belief regarding the truth of any remaining allegations in this paragraph. Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of any remaining allegations in this paragraph.**

27.     Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf.  Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery

25155379v1  0922782  59550

activities to other specialized, licensed collection agencies.  If you are a customer, please direct your inquiries to the firm currently working your account."

**ANSWER:**   **Defendants deny this paragraph accurately quotes a portion of the cited web site www.lvnvfunding.com.  LVNV lacks knowledge or information sufficient to form a belief regarding the truth of any remaining allegations in this paragraph. Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of any remaining allegations in this paragraph.**

28.    The Web site has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

**ANSWER:**   **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

29.    Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

**ANSWER:**   **Defendants deny the allegations of this paragraph.  Defendants admit that LVNV and Resurgent are affiliated with the Sherman Financial Group.**

30.    On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in *Randall v. Nelson & Kennard*, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

25155379v1  0922782  59550

**ANSWER:** **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

## FACTS

31.     On or about Feb. 3, 2011, LVNV, represented by Wright & Lerch, filed suit against plaintiff in the St. Joseph Superior Court to collect a purported credit card debt which was alleged to have been originally owed to Chase Manhattan Bank USA.  The complaint in case no. 71D01-1102-SC-01070 is in Exhibit A.

**ANSWER:** **Resurgent and Alegis admit the allegations of this paragraph. Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

32.     The lawsuit was dismissed on March 14, 2011.

**ANSWER:** **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

33.     Plaintiff was forced to retain an attorney and spend money and time with respect to the defense of the lawsuit.

**ANSWER:** **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

25155379v1  0922782  59550

34.     On information and belief, pursuant to the arrangements between LVNV and Resurgent described above, Resurgent arranged for the retention of Wright & Lerch and the filing of the lawsuit.

**ANSWER:     Resurgent and Alegis admit the allegations of this paragraph. Defendant LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

35.     The alleged debt was incurred for personal, family or household purposes, and not for business purposes.

**ANSWER:     Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

36.     The complaint included an affidavit (part of Exhibit A) stating that Chase Manhattan Bank USA sold defendant's account to LVNV on March 31, 2003.

**ANSWER:     Defendants LVNV, Resurgent and Alegis admit the allegations in this paragraph.**

37.     Chase Manhattan Bank USA only sold defaulted credit card accounts, not current accounts.

**ANSWER:     Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

25155379v1  0922782  59550

38.     LVNV only purchases defaulted credit card accounts, not current accounts.

**ANSWER:     Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

39.     Most complaints filed by LVNV on credit card debts in Indiana courts are based on credit card debts allegedly originated by banks.

**ANSWER:     Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

40.     The alleged credit card debt that LVNV sought to collect from plaintiff allegedly went into default more than six years prior to the filing of suit.

**ANSWER:     Defendants LVNV, Resurgent and Alegis deny the allegations in this paragraph.**

41.     As a result, the suit was time-barred under the six year statute of limitations in IC §34-11-2-7 and/or IC §34-11-2-9.

**ANSWER:     Defendants LVNV, Resurgent and Alegis deny the allegations in this paragraph.**

42.     All collection files on which LVNV files suit contain, in easily retrievable form:

25155379v1  0922782  59550

      a.      The "date of last payment" allegedly made by the debtor;

      b.      The date on which the account was sold by the original creditor;

and

      c.      The "date of delinquency" that resulted in the debt being charged off.

**ANSWER:** **Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

43.     On information and belief, defendants regularly file suit against Indiana residents on credit card debts that are in default more than six years, as measured by the later of the date of last payment or the charge-off date.

**ANSWER:** **Defendants LVNV, Resurgent and Alegis deny the allegations in this paragraph.**

## VIOLATION ALLEGED

44.     The filing and prosecution of time-barred lawsuits is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and an unfair collection practice, in violation of 15 U.S.C. §1692f. *Kimber v. Federal Fin. Corp.*, 668 F. Supp. 1480 (M.D.Ala. 1987); *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, No. 09-35767, 2011 U.S. App. LEXIS 4072 (9th Cir., March 4, 2011); Ramirez v. Palisades Collection LLC, 2008 U.S. Dist. LEXIS 48722 (N.D. Ill. June 23, 2008), earlier opinion, 250 F.R.D. 366 (N.D. Ill. 2008); *Parkis v. Arrow Fin. Servs.*, 2008 U.S. Dist. LEXIS 1212 (N.D. Ill. Jan. 8, 2008). "It thus is a violation of the FDCPA to sue or threaten to sue consumers to recover on time-barred

debt." "*Collecting Consumer Debts:  The Challenges of Change: A Federal Trade Commission Workshop Report* (February 2009)," pp. 63-64.

>    **ANSWER:**    Defendants LVNV, Resurgent and Alegis deny this paragraph is a full and accurate statement of the law.  Defendants LVNV, Resurgent and Alegis deny any factual allegations in this paragraph.

45.    Section 1692e provides:

>    **§ 1692e.        False or misleading representations [Section 807 of P.L.J**

>    **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**

>    **(2)    The false representation of**

>    **(A)    the character, amount, or legal status of any debt; ...**

>    **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken....**

>    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

>    **ANSWER:**    Defendants LVNV, Resurgent and Alegis admit that this paragraph attempts to quote a portion of § 1692e of the FDCPA, but denies that this paragraph is a complete and accurate statement of the law.

46.    Section 1692f provides:

>    **§ 1692f.        Unfair practices [Section 808 of P.L.]**

>    **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt....**

25155379v1  0922782  59550

**ANSWER:**   Defendants LVNV, Resurgent and Alegis admit that this paragraph attempts to quote a portion of § 1692f of the FDCPA, but denies that this paragraph is a complete and accurate statement of the law.

## CLASS ALLEGATIONS

47.   Plaintiff brings this claim on behalf of two classes, designated LVNV and Wright & Lerch, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:**   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

48.   The LVNV class consists of (a) all individuals (b) against whom defendant LVNV filed a lawsuit in Indiana, (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of LVNV, was more than 6 years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:**   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

25155379v1  0922782  59550

49.     The Wright & Lerch class consists of (a) all individuals (b) against whom defendant Wright & Lerch filed a lawsuit in Indiana (on behalf of anyone), (c) to collect an alleged credit card debt (d) where the later of the "date of delinquency" or "date of last payment", according to the records of defendants, was more than 6 years prior to the filing at the time of filing, (e) which lawsuit was filed during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

**<u>ANSWER:</u>   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

50.     On information and belief, each class is so numerous that joinder of all members is not practicable.

**<u>ANSWER:</u>   Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

51.     On information and belief, LVNV has previously filed time-barred lawsuits, and has been sued for violating the FDCPA by so doing. Williams v. LVNV Funding LLC, 2:09cv3826 (E.D.Pa.); *Eckert v. LVNV Funding LLC*, 4:08cvl 802 (E.D.Mo.); *Tommy v. LVNV Funding, LLC*, 3:09cv829 (D.Ore.); *Brown v. Constantino*, 2:09cv357 (D.Utah); *Hardy v. LVNV Funding, LLC*, 1:10cv7853 (N.D.I11.); *Parlier v. LVNV Funding LLC*, 1:11cv1586 (N.D.I11.).

25155379v1  0922782  59550

**ANSWER:    Defendants LVNV, Resurgent and Alegis lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

52.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of filing time-barred debt collection complaints and whether such practice violates the FDCPA.

**ANSWER:    Defendants LVNV, Resurgent and Alegis deny allegations in this paragraph.**

53.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendants LVNV, Resurgent and Alegis deny allegations in this paragraph.**

54.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:    Defendants LVNV, Resurgent and Alegis deny allegations in this paragraph.**

55.    A class action is superior for the fair and efficient adjudication of this matter, in that:

  a.  Individual actions are not economically feasible.

  b.  Members of the class are likely to be unaware of their rights;

  c.  Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**<u>ANSWER</u>:** **Defendants LVNV, Resurgent and Alegis deny allegations in this paragraph.**

## <u>AFFIRMATIVE DEFENSES</u>

Defendants LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP LLC by and through their undersigned counsel, and for their Affirmative Defenses to Plaintiff's Complaint, states as follows:

  a.  Defendant Resurgent affirmatively states that it maintains reasonable training procedures for all employees who participate in any collection activity or communication. Any communication or conduct which allegedly violated the Fair Debt Collection Practices Act, is subject to a *bona fide error* defense.

  b.  If LVNV and Alegis are found to be vicariously responsible for the alleged conduct of Resurgent, LVNV and Alegis are entitled to rely upon the *bona fide error* defense of Resurgent as their own affirmative defense.

  c.  If Defendants Resurgent, LVNV and Alegis are found to be vicariously responsible for the alleged conduct of DAVID M. WRIGHT, STEPHEN J. LERCH, or WRIGHT & LERCH, they are each entitled to rely upon the *bona fide error* defense of DAVID M. WRIGHT, STEPHEN J. LERCH, or WRIGHT & LERCH as their own affirmative defense.

25155379v1  0922782  59550

WHEREFORE, LVNV FUNDING LLC; RESURGENT CAPITAL SERVICES, L.P.; and ALEGIS GROUP LLC pray that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/  Jennifer Kalas
Jennifer Kalas (17396-64)
322 Indianapolis Blvd.
Suite 201
Schererville, IN 46375
Phone No.:  219-864-5051
Fax No.:  219-864-5052
E-mail Address:  jkalas@hinshawlaw.com

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendants
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No:  (312) 704-3000
Fax No:  (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                nfoster@hinshawlaw.com

25155379v1  0922782  59550

## <u>CERTIFICATE OF SERVICE</u>

   I certify that on the 15th day of June 2011, a copy of the foregoing ANSWER was filed electronically.  Notice of this filing will be sent to all Counsel of record via the Court's electronic filing system.


        HINSHAW & CULBERTSON LLP

     By: /s/Jennifer Kalas
       Jennifer Kalas


Daniel A. Edelman
Cathleen M. Combs
James O Latturner
Tiffany N. Hardy
Edelman, Combs, Latturner & Goodwin, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, IL 60603
312.739.4200
312.419.0379 (fax)
ccombs@edcombs.com
courtecl@edcombs.com
jlatturner@edcombs.com
thardy@edcombs.com


Phillip E. Kalamaros
Hunt Suedhoff Kalamaros LLP
301 State Street
2nd Floor
Saint Joseph, MI 49085
269.983.4405
269.983.5645 (fax)
pkalamaros@hsk-law.com

25155379v1  0922782  59550